CASE 57—BAIL BOND—APRIL 14.

# Commonwealth v. Leech.

**APPEAL FROM LIVINGSTON CIRCUIT COURT.**

1. DEPOSIT IN LIEU OF BAIL.—One who voluntarily consents for his money, in the hands of another, to be deposited in lieu of bail whereby the release of the defendant is procured can not reclaim it if it was in fact vested in the Commonwealth.

2. SAME.—Though section 89 of the Criminal Code requires money in lieu of bail to be deposited with the trustee of the jury fund, still, if a judicial officer holding an examining court in fact receives the money and makes an order discharging the defendant from custody, neither the defendant nor the person depositing the money has a just or legal right to it as against the Commonwealth.

3. SAME.—The Commonwealth by reason of the defendant's failure to appear at the next term of the circuit court is as much entitled to the money held by the county judge in trust as it would have been entitled to recover the same amount from the surety in the bail bonds, if one had been executed before the county judge.

W. S. TAYLOR FOR APPELLANT.

1. The money deposited in lieu of bail with the county judge vested in the Commonwealth when the order of forfeiture was made. Arnsparger v. Norman, Auditor, 101 Ky., 208.

2. As to the county judge's right to receive money in lieu of bail. See Dean v. Commonwealth 1 Bush, 20; sec. 68, Criminal Code.

HENDRICK & WATTS AND J. C. HODGE FOR APPELLEE.

1. The fund in question is not and never has been in the possession or under the control of the trustee of the jury fund, and no one else had or has any legal authority in the matter but him. Criminal Code, secs. 89 and 90; Commonwealth v. Roberts, 1 Duvall, 199; Dean v. Commonwealth, 1 Bush, 20; Bullock v. Commonwealth, 96 Ky., 537; Arnsparger v. Norman, 101 Ky.; St. Clair v. Commonwealth, 11 Ky. Law Rep., 812.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Charley Leech, having been arrested and brought before the judge of the Livingston County Court, sitting as an examining court, and held for trial in the Livingston Circuit Court, on the charge of horse stealing, was, failing to give bail fixed in the sum of $500 for his appearance in the circuit court, July 7, 1897, committed to jail.

But July 19, 1897, Jas. C. Sullivan deposited with J. S. Abell, the county judge, said sum of $500, in lieu of bail whereupon the defendant, Charley Leech, was by him discharged from the custody of the jailer.

September 9, 1897, the grand jury found, and returned into the Livingston Circuit Court, an indictment against said Charley Leech for the offense of horse stealing mentioned.

But thereafter, at the same term of the circuit court, the defendant failing to perform condition of his bond by appearing, on motion of the Commonwealth's attorney, said sum of $500, deposited with J. S. Abell, county judge, was forfeited and summons awarded against J. S. Abell and J. C. Sullivan, to show cause on the first day of the succeeding term of court, why it should not be paid over to the trustee of the jury fund.

J. C. Sullivan, in response, stated that he was not the owner of said money in the custody of Abell, county judge, but it was the property of J. H. Leech.

J. H. Leech was permitted to file a petition, treated as a response to the summons, in which he stated that said sum of $500 was the consideration for his homestead, paid to him by said Sullivan; that the latter had no right to

deposit it with J. S. Abell, and that he was without au-
thority to receive it in lieu of bail for the appearance of
Charley Leech, in the Livingston Circuit Court.

It was adjudged by the circuit court that it had no con-
trol or custody of the money in controversy, and conse-
quently, the order of forfeiture made at the previous
term of court was a nullity, and the proceeding on the for-
feiture was dismissed.

Section 89, Criminal Code, is as follows:   "Whenever the
defendant is admitted to bail in a specified sum, he may
deposit said sum with the trustee of the jury fund of the
county in which the trial is directed to be had, and take
from the trustee a certificate of such deposit, upon de-
livering which to the officer in whose custody he is he
shall be discharged."

Though the money may not have been at the time the
property of Sullivan, but belonged to Thos. H. Leech,
father of the accused, it is manifest, the latter having
voluntarily consented for it to be deposited with the
county judge in lieu of bail, whereby the discharge of his
son was procured, can not now reclaim if it was in fact
vested in the Commonwealth.

Though section 89, in terms, requires the money in lieu
of bail to be deposited with the trustee of the jury fund,
in order to procure the discharge of the defendant, still
if a judicial officer of this Commonwealth, holding an ex-
amining court, does himself in fact receive the money and
thereupon, and in consideration thereof, makes an order
discharging him from custody, unquestionably the Com-
monwealth is bound by that act and the defendant free

from custody of the jailer. And if so, there is no reason
why, after violation of the condition, upon which the dis-
charge from custody was obtained, either the defendant
or the person who deposited the money in lieu of bail,
should have a just or legal right to it in a contest with
the Commonwealth.

J. S. Abell, the county judge, with whom the money
was deposited, sets up no claim to the money in his hands,
but as he says, holds it subject to the order of the court.
And even if he should claim it, there can be no question
of the power of the court to compel a transfer of it by
him to the trustee of the jury fund, for in receiving the
money deposited in lieu of bail, he acted as agent and
now holds it in trust for the Commonwealth.

In the case of Commonwealth against Roberts, 1st Du-
val, 199, cited by counsel, the question was whether the
officer or jailer who took the bond from the defendant for
his appearance at the circuit court, had authority to do
so, and it was held, having no such authority, that the
bond was not obligatory upon either the Commonwealth,
or the defendant, and, of course, a judgment of forfeiture
by reason of non-appearance of the defendant, in pursu-
ance of the conditions of such bond, was a nullity.

In this case the county judge, being legally authorized
to take the bond in question, it was obligatory upon both
the Commonwealth and the defendant. Such being the
case, the Commonwealth is, by reason of the failure of the
defendant to comply with the conditions of the bond by
appearing at the next term of the circuit court, as much
entitled to the money held by the county judge in trust, as

it would have been entitled to recover the same amount from the security in the bail bond if there had been no money deposited in lieu of bail. And in none of the cases cited by counsel has this court held otherwise.

Wherefore, the judgment is reversed and the cause remanded for proceedings consistent with this opinion.